IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2017 SEP 14  PM 2: 27

| | |
|---|---|
| ROBERT RIEGEL, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>WHOLE FOODS MARKET, INC., JOHN P. MACKEY, WALTER ROBB, JONATHAN SEIFFER, GABRIELLE SULZBERGER, SHAHID HASSAN, STEPHANIE KUGELMAN, JOE MANSUETO, MARY ELLEN COE, KENNETH C. HICKS, SHARON L. MCCOLLAM, RONALD M. SHAICH, and SCOTT F. POWERS,<br><br>Defendants. | Case No.: 1:17-cv-00674-LY |

**STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED JOINT APPLICATION FOR ATTORNEYS' FEES AND EXPENSES**

**WHEREAS**, the above-captioned action (the "Action") was commenced on behalf of a putative class of Whole Foods Market, Inc. ("Whole Foods" or the "Company") stockholders in connection with the proposed acquisition of Whole Foods by Amazon.com, Inc. ("Amazon"), pursuant to an Agreement and Plan of Merger (the "Merger Agreement") filed with the United States Securities and Exchange Commission ("SEC"), whereby Whole Foods stockholders would receive $42.00 in cash for each share of Whole Foods common stock (the "Transaction");

**WHEREAS**, on July 7, 2017, Defendants filed a preliminary proxy statement (the "Preliminary Proxy Statement") with the SEC in connection with the Transaction;

**WHEREAS**, on July 13, 2017, Plaintiff Robert Riegel ("Plaintiff") filed his putative Class Action Complaint in this Court, alleging violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") in connection with the Transaction (the "Complaint");

**WHEREAS**, on July 21, 2017, Whole Foods filed with the SEC a Definitive Proxy Statement (the "Definitive Proxy") containing additional disclosures that mooted the allegations in the Complaint (the "Supplemental Disclosures");

**WHEREAS**, on August 24, 2017, Whole Foods stockholders voted to approve the Transaction;

**WHEREAS**, on August 28, 2017, Amazon completed the acquisition of Whole Foods pursuant to the Merger Agreement;

**WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures were material and mooted what it contends are meritorious claims set forth in the Complaint, and that any remaining claims are so unlikely to be successful as to warrant dismissal;

**WHEREAS**, Defendants deny that the Supplemental Disclosures contained any additional material facts that were required to be disclosed by any applicable law to Whole Food shareholders with respect to the Transaction, and deny that any claim asserted in the Complaint is or was ever meritorious;

**WHEREAS**, Plaintiff asserts that the prosecution of the Action caused Defendants to incorporate the Supplemental Disclosures into the Definitive Proxy, and that Plaintiff's counsel has the right to seek and recover attorneys' fees and expenses in connection with the purported common benefit provided to Whole Foods stockholders as a result of the filing of the Definitive Proxy, and Plaintiff's counsel have informed defendants that Plaintiff intends to petition the

Court for such fees and expenses if their claim cannot be resolved through negotiations between counsel for Plaintiff and Defendants (the "Fee and Expense Application");

**WHEREAS**, the Parties agree and respectfully request that this Court retain jurisdiction over the Action for the sole purpose of considering any prospective Fee and Expense Application in the event the Parties are unable to reach an agreement concerning the amount of any attorneys' fees and expenses to be paid to Plaintiff's counsel;

**WHEREAS**, for the avoidance of doubt, no negotiations whatsoever regarding Plaintiff's claim for attorneys' fees and expenses have occurred to date;

**WHEREAS**, defendants reserve all rights, arguments and defenses, including the right to oppose, in whole or in part, any claim by Plaintiff for attorneys' fees and expenses relating to the Action;

**WHEREAS**, Plaintiff's counsel wishes to dismiss the Complaint with prejudice as to Plaintiff and without prejudice as to the unnamed members of the putative class; and

**WHEREAS**, no class has been certified in the Action;

**NOW, THEREFORE**, upon consent of the Parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this _____ day of _____ 2017 that:

1. Plaintiff hereby voluntarily dismisses the Action pursuant to Fed. R. Civ. P. 41(a), and the Action shall be so dismissed.

2. The claims pleaded in the Complaint are dismissed with prejudice as to Plaintiff and without prejudice as to the unnamed members of the putative class.

3. Because the dismissal with prejudice is as to the named Plaintiff only and not on behalf of the putative class and no class has been certified, no notice of this dismissal is required.

4. This Court retains continuing jurisdiction over the Parties in the Action solely for purposes of adjudicating any prospective Fee and Expense Application.

5. The Parties shall meet and confer concerning Plaintiff's claim for attorneys' fees and expenses. To the extent that the Parties are unable to reach an agreement concerning Plaintiff's claim for attorneys' fees and expenses, they will contact the Court to set a stipulated briefing and hearing schedule for the Fee and Expense Application. If the Parties reach an agreement concerning Plaintiff's claim for attorneys' fees and expenses, they will notify the Court.

6. This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiff or Defendants in support of or in opposition to any claim by Plaintiff for attorneys' fees and expenses.

//

//

//

//

//

Dated: September 12, 2017  **KENDALL LAW GROUP, PLLC**

By: /s/ *Jamie J. McKey*
Joe Kendall
(jkendall@kendalllawgroup.com)
Texas Bar No. 11260700
Jamie J. McKey
(jmckey@kendalllawgroup.com)
Texas Bar No. 24045262
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: (214) 744-3000
Facsimile: (214) 744-3015

**LEVI & KORSINSKY, LLP**

Donald J. Enright (denright@zlk.com)
Elizabeth K. Tripodi (etripodi@zlk.com)
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290

*Attorneys for Plaintiff*

Dated: September 12, 2017  **NORTON ROSE FULBRIGHT**

By: /s/ *Benjamin Klein*
Peter A. Stokes
(peter.stokes@nortonrosefulbright.com)
Texas Bar No. 24028017
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

**WACHTELL, LIPTON, ROSEN & KATZ**

Peter C. Hein (pchein@wlrk.com)
(*pro hac vice*)
Benjamin D. Klein (bdklein@wlrk.com)
(*pro hac vice*)
Drew C. Harris (dcharris@wlrk.com)
(*pro hac vice*)
51 West 52nd Street
New York, New York 10019

5

Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Whole Foods Market, Inc. and the Individual Defendants*

SO ORDERED this \_\_\_\_14th\_\_\_\_ day of Sept., 2017

_____
UNITED STATES DISTRICT JUDGE